FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 28 2026

at __10__ o'clock and __22__ min. __9__ M
Lucy H. Carrillo, Clerk

KENNETH M. SORENSON
United States Attorney
District of Hawaii

MOHAMMAD KHATIB
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:        Mohammad.Khatib@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR22-00055 JAO |
| ) | |
| Plaintiff, ) | AMENDED ORDER OF |
| ) | FORFEITURE (MONEY |
| vs. ) | JUDGMENT) |
| ) | |
| ALAN SCOTT RUDO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

AMENDED ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS, an Information was filed on July 11, 2022, charging defendant

Alan Scott Rudo with conspiring to commit honest services wire fraud, in violation

of 18 U.S.C. § 1349 and providing notice that, upon conviction, the government

would seek forfeiture; and

WHEREAS, on or about July 18, 2022, pursuant to a plea agreement, defendant Alan Scott Rudo pled guilty to the Information; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, a person convicted of a conspiracy to violate 18 U.S.C. § 1349, which is an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to that offense; and

WHEREAS, this Court previously ordered defendant Alan Scott Rudo to pay a forfeiture money judgment in the amount of $2,114,170.00 as part of an Order of Forfeiture (Money Judgment) and Preliminary Order of Forfeiture (Specific Property) filed on August 5, 2022 (*see* ECF 17); and

WHEREAS, a Final Order of Forfeiture ("FOF") was entered by this Court on June 26, 2025, wherein the items listed on the FOF were forfeited (*see* ECF 58); and

WHEREAS, the United States now seeks the entry of an Amended Order of Forfeiture (Money Judgment) in the amount of $483,265.00 in United States currency (the "Forfeiture Money Judgment"), to offset the amount of proceeds

2

obtained by defendant Alan Scott Rudo by the amount of those proceeds that the United States was able to recover; and

WHEREAS, in his plea agreement, defendant Alan Scott Rudo consented to the entry of the Forfeiture Money Judgment; and

WHEREAS, the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS, the value of the Forfeiture Money Judgment is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 as property, real or personal, which constitutes or is derived from proceeds traceable to the offense to which defendant Alan Scott Rudo has pled guilty, and the Court so finds; and

WHEREAS, the United States is now entitled to a forfeiture money judgment in the amount of $483,265.00 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

WHEREAS, pursuant to the Information and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property

subject to forfeiture if, as a result of any act or omission of the defendant, any property subject to forfeiture:

    (A)    cannot be located upon the exercise of due diligence;

    (B)    has been transferred or sold to, or deposited with, a third party;

    (C)    has been placed beyond the jurisdiction of the court;

    (D)    has been substantially diminished in value; or

    (E)    has been commingled with other property which cannot be divided without difficulty; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS, defendant Alan Scott Rudo:

    (1)    Acknowledges that $483,265.00 is subject to forfeiture as described above; and

    (2)    Consents to the imposition of a forfeiture money judgment in the amount of $483,265.00 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

    (3)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property to satisfy the forfeiture money judgment; and

    (4)    Agrees that this Order is final at the time of its entry by the Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

4

(5)     Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

(6)     Acknowledges that he understands that forfeiture will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

(7)     Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(8)     Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order; and

WHEREAS, good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order shall become final as to defendant Alan Scott Rudo on the date it is entered by the Court, and it shall be made part of the sentence of defendant Alan Scott Rudo and shall be included in the judgment of conviction of defendant Alan Scott Rudo; and

THAT, the original forfeiture money judgment in the amount of $2,114,170.00 (See ECF 17) is hereby superseded and amended herein; and

5

THAT, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, defendant Alan Scott Rudo shall forfeit to the United States, the sum of $483,265.00; and

THAT, an amended money judgment in the amount of $483,265.00 (the "Forfeiture Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

THAT, all payments on the Forfeiture Money Judgment shall be made via pay.gov, or by postal money order, bank check, or certified check made payable to the United States Marshals Service and delivered to the United States Attorney's Office, District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building, 300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii 96850, with the defendant's name and criminal docket number noted on the face of the check; and

THAT, upon execution of this Order, and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, the United States Marshals Service shall be authorized to deposit the payments on the Forfeiture Money Judgment into the

6

Department of Justice Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property; and

THAT, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and

THAT, the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order to include substitute property having a value not to exceed $483,265.00 in United States currency to satisfy the Forfeiture Money Judgment in whole or in part; and

THAT, if this Order is amended to include such substitute property, the United States is authorized to seize that property pursuant to 21 U.S.C. § 853(g) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure; and

THAT, the value of any substitute assets, including any forfeited money and the net proceeds derived from the sale of any forfeited property, will be applied to

7

the Forfeiture Money Judgment until the Forfeiture Money Judgment is satisfied in full; and

THAT, this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

//

//

//

//

//

//

//

//

8

The undersigned hereby consent to
the entry and form of this order:

KENNETH M. SORENSON
United States Attorney

Dated: May 27, 2026

By:   MOHAMMAD KHATIB
Assistant United States Attorney

Dated: May 28, 2026

GARY GURMAIL SINGH, ESQ.
Attorney for Defendant Alan Scott Rudo

Dated: May 28, 2026

ALAN SCOTT RUDO
Defendant

IT IS SO ORDERED:

Dated: 5/28/2026 at Honolulu, Hawaii.

HONORABLE JILL A. OTAKE
United States District Judge

USA v. Alan Scott Rudo; Case No. CR22-00055 JAO; "Amended Order of
Forfeiture (Money Judgment)"

9